UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

NORMAN E. COLEMAN,
          *Defendant-Appellant.*

No. 03-4921

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-03-276)

Submitted: May 26, 2004

Decided: June 16, 2004

Before WIDENER and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Ivan D. Davis, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Robert E. Coughlin, II, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Norman E. Coleman entered a conditional guilty plea to one count of simple possession of heroin, in violation of 21 U.S.C. § 844 (2000), reserving the right to appeal the district court's order denying his motion to suppress the evidence seized when he was arrested. The district court sentenced him to nine months in prison. Coleman appeals, challenging the denial of his suppression motion. We affirm.

At around 7:00 p.m. on the evening of May 9, 2003, Officer Gregory Monahan of the United States Park Police was patrolling the George Washington Parkway in Northern Virginia when he stopped a car with a cracked windshield. After he activated his emergency lights and the vehicle came to a stop, Monahan saw the front seat passenger, later identified as Coleman, pass a brown paper bag to the person in the back seat.

Monahan approached the vehicle on the passenger side. He could smell the odor of alcohol emanating from the car as he spoke to the occupants. The officer noticed that Coleman appeared nervous, because his carotid artery was pulsating. When he looked inside the vehicle, Monahan saw a jacket on the back seat partially covering a brown paper bag with a bottle with a broken seal protruding from it. Based on the neck of the bottle, Monahan concluded it was a liquor bottle.

After ticketing the driver for a defective windshield and obtaining the driver's permission to search the vehicle, Monahan asked Coleman to get out of the car. Coleman complied but was verbally abusive. The officer noticed a strong odor of alcohol on Coleman. Monahan handcuffed Coleman for possession of an open container of alcohol in a motor vehicle within a park area, in violation of 36 C.F.R. § 4.14(b) (2004). He then searched Coleman's person and

found seven ziplock baggies in Coleman's shirt pocket that field-tested positive for opiates. He also found a bottle of Seagrams Extra Dry Gin in the brown paper bag under the jacket in the back seat of the vehicle.

A grand jury indicted Coleman on one count of simple possession of heroin, in violation of 21 U.S.C. § 844, and one count of possession of an open container of alcohol in an open vehicle within a park area, in violation of 36 C.F.R. § 4.14(b). Following the denial of his motion to suppress the evidence seized when he was arrested, Coleman entered a conditional guilty plea to the possession of heroin count; the other count was dismissed.

Coleman asserts that the warrantless search of his person did not fall within any exceptions to the warrant requirement and that therefore the district court erred by denying his motion to suppress. We disagree.

We review the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *United States v. Perkins*, 363 F.3d 317, 320 (4th Cir. 2004). When a district court denies a suppression motion, we review the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Evidence seized in violation of the Fourth Amendment is generally inadmissible. *Seidman*, 156 F.3d at 548. Nevertheless, we find that the evidence was admissible, pursuant to an exception to the warrant requirement, as the product of a search incident to a lawful arrest.

A lawful custodial arrest for any offense gives the police the authority to conduct a full search of the suspect's person. *United States v. Robinson*, 414 U.S. 218, 235 (1973). An arresting officer must have probable cause to believe that the person arrested committed an offense. Probable cause for a warrantless arrest is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998) (citation omitted). In

assessing whether probable cause exists, we examine the totality of the circumstances. *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996).

While conducting the traffic stop, Monahan saw Coleman pass a brown paper bag from the front seat to the back seat of the vehicle. When he approached the car, Monahan smelled alcohol in the vehicle and on Coleman. He also saw a bottle protruding from a brown paper bag partially hidden by a jacket and, based on the neck of the bottle, Monahan concluded that it was a liquor bottle. He could see that the seal on the bottle had been broken. Finally, Coleman appeared nervous. Under the totality of the circumstances, we find that Monahan had probable cause to believe that Coleman had committed a crime, specifically possession of an open alcohol container in a motor vehicle within a park area. Once the officer lawfully arrested Coleman, we conclude that he was permitted to search Coleman's person.

Because we find that the search was lawful, the district court properly denied the motion to suppress. Accordingly, we affirm Coleman's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*